UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJNINDER (RAVEN) JUTLA and IN LOVE PROPERTIES LLC (REGISTERED IN WASHINGTON),<br><br>Plaintiffs,<br><br>v.<br><br>REDFIN CORPORATION, a Delaware Corporation,<br><br>Defendants. | No.  2:24-cv-0984 KJM AC<br><br>ORDER |

    Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

    In this case, plaintiff asserts she is a citizen of Tracy, California and defendant is a citizen of Seattle, Washington.  ECF No. 1 at 6.  However, plaintiff provided the court with a Vancouver,

Washington, address for herself. ECF No. 1 at 1. Plaintiff's complaint is premised on the sale of a property located in Seattle, Washington. The complaint states that plaintiff "was coerced on two sale attempts of the same home by the same agent . . . to offer the Buyer's Agent a commission of 4.5% of a custom home in a desirable (sells itself) neighborhood in Seattle." ECF No. 1 at 5. Both Vancouver and Seattle are located within the Western District of Washington. The complaint also mentions the purchase of a home in Bay Point, California, which is in Contra Costa County, within the Northern District of California.

Because defendant is in the Western District of Washington and the complaint is centered on properties located and transactions occurring within the Western District of Washington, plaintiff's claim should have been filed in the United States District Court for the Western District of Washington. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Western District of Washington.

DATED: April 4, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE